NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE SIMMONS,<br><br>  Plaintiff,<br><br>  v.<br><br>AURORA BANK, FSB; NATIONSTAR MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1-00,<br><br>  Defendants. | Case No. 5:13-cv-00482 HRL<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE REQUEST TO EXPUNGE LIS PENDENS**<br><br>[Re: Docket No. 5] |

Plaintiff Gale Simmons sues for alleged violations of state and federal law in connection with the foreclosure on her home loan. The complaint, which originally was filed in Santa Clara County Superior Court, asserts the following seven claims for relief: (1) breach of contract; (2) breach of implied agreements; (3) slander of title; (4) violation of California Civil Code § 2923.5; (5) wrongful foreclosure; (6) RICO violations, 18 U.S.C. § 1962; and (7) violation of California Business and Professions Code § 17200. Defendants removed the matter here, asserting federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants move to dismiss the complaint for failure to state a claim for relief. They also request an order expunging lis pendens. Plaintiff opposes the motion. The matter was deemed suitable for determination without oral argument. Civ. L.R. 71-(b). All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636; Fed. R. Civ. P. 73. Upon consideration

of the moving and responding papers, the court grants the motion with leave to amend as to some claims.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

## DISCUSSION

### A. Defendants' Request for Judicial Notice

Defendants request that the court take judicial notice of foreclosure-related documents recorded in the Santa Clara County Recorder's Office. Plaintiff agrees that the court may take judicial notice of the fact that a document was recorded. However, she objects to judicial notice of disputed facts contained in those records. Appended to plaintiff's complaint, however, are a number of the very same documents submitted for judicial notice, namely the deed of trust and the assignment of the deed of trust. Additionally, the complaint specifically refers to other documents submitted for judicial notice. The authenticity of the foreclosure-related documents is not in dispute and may be verified by resort to the public record. Defendants' request for judicial notice is granted, but the court will not rely on disputed facts within the documents.

### B. Tender Rule

Defendants argue that this action is barred because plaintiff has not pled tender of all amounts due and owing under the loan. Under California law, "[a] full tender must be made to set aside a foreclosure sale, based on equitable principles." Stebley v. Litton Loan Servicing, LLP, 202 Cal. App.4th 522, 526, 134 Cal. Rptr.3d 604 (2011). See also Abdallah v. United Savings Bank, 43 Cal. App.4th 1101, 1109, 51 Cal. Rptr.2d 286 (1996) ("[A]ppellants are required to allege tender of the amount of United's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure, and they have failed to do so.") (citations omitted). Plaintiff contends that she is excused from the tender requirement. The cases she cites, however, concern pre-sale actions to delay foreclosure. See Tamburri v. Suntrust Mortgage, Inc., No. C11-02899 EMC, 2011 WL 6294472 (N.D. Cal., Dec. 20, 2012); Sacchi v. Mortgage Electronic Registration Sys., Inc., No. C11-01658 AHM (CWx), 2011 WL 2533029 (C.D. Cal., June 24, 2011). And, "a growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." Barrionuevo v. Chase Bank, N.A., 885 F. Supp.2d 964, 970 (N.D. Cal. 2012) (citing cases). In any event, the complaint contains no allegations of full tender and only a conclusory allegation that tender should be excused. Accordingly, defendants' motion on this

issue is granted with leave to amend.

### C. Claim 1: Breach of Contract

For the reasons discussed below, this claim is dismissed with leave to amend.

#### 1. Breach of Deed of Trust

The gist of this claim---and, indeed, the overall theme of this lawsuit---is that the mortgage loan was securitized and defendants are not the proper beneficiaries of the securitized trust and have no authority to enforce the terms of the deed of trust or any rights or interests in the subject property. However, numerous courts have recognized that a bank does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a trust pool. See Sami v. Wells Fargo Bank, No. C12-00108 DMR, 2012 WL 967051 at *5 (N.D. Cal., Mar. 21, 2012) (citing cases). See also McGough v. Wells Fargo Bank, N.A., No. C12-00050 TEH, 2012 WL 2277931 at *4 (N.D. Cal., June 18, 2012) (same). Moreover, when she signed the deed of trust, plaintiff agreed that MERS is the beneficiary as well as the "nominee for Lender and Lender's successors and assigns," and, further, that the note "can be sold one or more times without prior notice to Borrower." (Complaint Ex. 1 (Deed of Trust at 3, 11)). Courts have rejected the theory that securitization strips MERS of any ability to assign the deed of trust. See Flores v. GMAC Mortgage, LLC, No. C12-794 SI, 2013 WL 2049388 at *2 (N.D. Cal., May 14, 2013) (citing cases). Even if there were some defect in the assignment of the deed of trust, that assignment would not have changed plaintiff's payment obligations. See Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App.4th 256, 272, 129 Cal. Rptr.3d 467 (2011) ("if MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.").

This claim is dismissed for the additional reason that plaintiff has not pled her performance or excuse for nonperformance, which are necessary allegations to support a claim for breach of contract. Moreover, plaintiff alleges, in conclusory fashion, that she suffered damages in the form of impaired vendibility of the subject property and has not alleged sufficient facts that any such impairment was due to defendants' alleged breach.

**2. Breach of Pooling Service Agreement (PSA)**

Plaintiff nevertheless claims that her loan was improperly securitized and that defendants breached the PSA because there was no recorded assignment as required by that agreement. Plaintiff, however, merely claims that she was injured by the alleged breach of that agreement. She does not allege facts establishing her standing to pursue a claim for breach of that agreement, and courts have held that homeowners do not have standing to pursue such claims. Kirk v. Wells Fargo Bank, N.A., No. C12-05969 SI, 2013 WL 132519 at *3 (N.D. Cal., Jan. 9, 2013) (collecting cases).

**D. Claim 2: Breach of Implied Agreements**

This claim is based on the same alleged misdeeds that form the basis of plaintiff's claim for breach of contract. Because plaintiff's claim for breach of express contract is dismissed, this derivative claim is also dismissed.

**E. Claim 3: Slander of Title**

Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof some special pecuniary loss or damage." Sumner Hill Homeowners' Ass'n, Inc. v. Rio Mesa Holdings, LLC, 205 Cal. App.4th 999, 1030, 141 Cal. Rptr.3d 109 (2012). The elements of this claim are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. Id.

Plaintiff claims that the slander of title here occurred upon the recording of the allegedly false assignment of the deed of trust (as well as the subsequent recording of other documents, including the notice of default and notice of trustee's sale). Defendants argue that plaintiff has failed to sufficiently allege falsity or direct pecuniary loss.

For the reasons discussed above, to the extent this claim is based on plaintiff's securitization theory and her challenge to MERS' authority to transfer the beneficial interest in the deed of trust, the court agrees that she fails to state a claim.

However, the complaint goes on to allege that even if MERS' assignment of the deed of trust is valid, the assignment is still defective (i.e., false) because it was signed by one Stacy Sandoz as Vice President of MERS. Plaintiff claims that Sandoz is an employee of defendant

5

Aurora and a "robo-signer who signs property records without the requisite legal or corporate authority to sign on behalf of Defendant MERS." (Complaint ¶¶ 43-44). The complaint further alleges that Sandoz "was never properly appointed by MERS's Board of Directors as required by MERS's corporate by-laws, and thus Ms. Sandoz never had, nor has, the corporate or legal authority to sign on behalf of MERS." (Id. ¶ 44). These are factual allegations that the court must accept as true for purposes of resolving this motion. Additionally, while defendants have cited cases in which courts have concluded that fees and costs incurred in prosecuting a slander of title claim do not establish the requisite pecuniary loss, see, e.g., Ogilvie v. Select Portfolio Servicing, No. 12-cv-001654 DMR, 2012 WL 3010986 at *5 (N.D. Cal., July 23, 2012), plaintiff has also cited authority for the proposition that attorney's fees and litigation costs are recoverable as pecuniary damages in slander of title cases where litigation is necessary to remove the doubt cast upon the vendibility or value of plaintiff's property. Sumner Hill Homeowners' Ass'n, Inc., 205 Cal. App.4th at 1030.

Nevertheless, because the court agrees that plaintiff's entire complaint is subject to dismissal based on the tender rule, this claim is also dismissed without prejudice to include it in an amended pleading.

### F. Claim 4: Cal. Civil Code § 2923.5

This claim is dismissed without leave to amend because plaintiff's home has already been sold at a foreclosure sale, and the sole remedy for a violation of section 2923.5 is postponement of the sale, not damages. After foreclosure, "the statute provides no relief." Stebley, 202 Cal. App.4th at 526; see also Mabry v. Super. Ct., 185 Cal.App.4th 208, 235, 110 Cal.Rptr.3d 201 (2010) (same).

### G. Claim 5: Wrongful Foreclosure

In order to successfully state a claim for wrongful foreclosure, plaintiff must plead that (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) she was prejudiced or harmed; and (3) she tendered the amount of the secured indebtedness or was excused from tendering. Lona v. Citibank, N.A., 202 Cal.App.4th 89, 104, 134 Cal.Rptr.3d 622 (2011). A non-judicial foreclosure

6

sale is presumed to have been conducted regularly and fairly. Nguyen v. Calhoun, 105 Cal.App.4th 428, 444, 129 Cal.Rptr.2d 436 (2003) ("Our analysis proceeds on the presumption of validity accorded the foreclosure sale").

Plaintiff essentially claims that the securitization of her loan and the allegedly robo-signed first assignment of the deed of trust divested defendants of any authority to foreclose on her home. As discussed above, however, courts have rejected the theory that securitization strips MERS of any ability to assign the deed of trust. See Flores, 2013 WL 2049388 at *2. Additionally, the complaint does not sufficiently allege tender or excuse from tender. Moreover, plaintiff has not adequately pled prejudice or harm. She says that defendants' conduct "placed her in jeopardy of losing possession of her home," and that she lost title to her home, as well as her equity in the subject property, and was forced to retain attorneys to pursue this litigation. (Complaint ¶ 68). Plaintiff does not deny that she defaulted on her loan, and courts have held that the requisite prejudice or harm is not established where the complaint "does not suggest that the foreclosure would have been averted but for the[] alleged deficiencies." Reynoso v. Paul Financial, LLC, No. 09-3225 SC, 2009 WL 3833298 at *4 (N.D. Cal., Nov. 16, 2009). This claim is dismissed with leave to amend.

### H. Claim 6: Violation of 18 U.S.C. § 1962

The complaint alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. To state a claim for a violation of RICO section 1962, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). "Racketeering activity" is defined as a number of specific criminal acts under federal and state laws. See 18 U.S.C. § 1961(1). Inasmuch as plaintiffs' RICO claim appears to be based on the predicate crimes of mail and wire fraud (see, e.g., Complaint ¶ 88), those predicate crimes must be pled with particularity. Fed. R. Civ. P. 9(b); Odom v. Microsoft Corp., 486 F.3d 541, 553-54 (9th Cir. 2006).

Here, the complaint does not adequately plead the existence of an enterprise, the nature of the alleged enterprise, defendants' purported role in the enterprise, or a pattern of racketeering

7

activity. With respect to a RICO enterprise, the complaint alleges that "[b]y engaging in a pattern of racketeering activity, specifically 'mail or wire fraud,' the Defendants subject to this Count participated in a criminal enterprise affecting interstate commerce." (Complaint ¶ 89). The complaint further alleges that the fraudulent acts include "Bringing suit on behalf of entities which were not the real parties in interest, and which had no standing to sue"; "Actively concealing the parties' lack of standing in their standard complaints for foreclosure"; and the drafting and filing of forged documents and affidavits. (Complaint ¶77). But, rather than plead facts with particularity, the complaint alleges that defendants "intentionally participated in a scheme to defraud everyone, including Plaintiff." (Id. ¶ 78). And, the complaint references other entities, such as "Saxon and/or Freddie Mac" (id. ¶ 94), that have no apparent connection to this lawsuit.

Similar, if not identical, allegations have been rejected by other courts, including this one. See Banh v. Bank of America, N.A., No. C11-05744 HRL, 2012 WL 1670211 (May 14, 2012); see also Quach v. Bank of America, N.A., No. 5:13-cv-00467 EJD, 2013 WL 3788827 at *4 (July 17, 2013) (citing cases). Plaintiff has failed to allege facts giving rise to a plausible claim for relief. Nor does it appear that she could do so on amendment. This claim is dismissed without leave to amend.

**I.   Claim 7:   Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200**

"The UCL prohibits any 'unlawful, unfair or fraudulent business practices.'" Zepeda v. PayPal, Inc., 777 F. Supp.2d 1215, 1222 (N.D. Cal. 2011) (quoting Cal. Bus. & Prof. Code § 17200)). A UCL claim must be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). To establish standing under the UCL, a plaintiff must show that (1) "she has lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) a "causal connection" between defendant's alleged UCL violation and the injury in fact. Rubio v. Capital One Bank, 613 F.3d 1195, 1203-04 (9th Cir. 2010).

Having dismissed all of plaintiff's claims, the court also dismisses her derivative UCL claim.

In any event, the court agrees that the complaint fails to allege an injury caused by the

allegedly invalid assignments and subsequent documents recorded against the property. The complaint alleges: "As a direct and proximate cause of Defendants' actions, Plaintiff has suffered an injury in fact because Plaintiff lost title to the Subject Property [and] has been placed in jeopardy of wrongfully loosing [sic] possession as well." (Complaint ¶ 113). As discussed above, however, plaintiff does not deny that she defaulted on her loan, and the complaint does not adequately allege how the reportedly invalid transfer in the ownership of her loan harmed her, or that she would have avoided foreclosure but for the allegedly invalid first assignment of the deed of trust. Defendants' motion to dismiss this claim is granted with leave to amend.

**J.  Motion to Expunge Lis Pendens**

Defendants also move for an order expunging a lis pendens plaintiff filed against the subject property. Federal courts look to state law in such matters. 28 U.S.C. § 1964. Under California law, a court must expunge a lis pendens if it finds either that "the pleading on which the notice is based does not contain a real property claim," Cal. Civ. Proc. § 405.31, or that "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim," Cal. Civ. Proc. § 405.32. "[T]he burden is on the party opposing the motion to show the existence of a real property claim." Kirkeby v. Superior Ct., 33 Cal.4th 642, 647, 93 P.3d 395 (2004) (citing Cal. Civ. Proc. Code § 405.30). A real property claim is one "which would, if meritorious, affect . . . title to, or the right to possession of, specific real property . . . ." Cal. Civ. Proc. Code § 405.4. "Probable validity" means that "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Orange County v. Hongkong and Shanghai Banking Corp. Ltd., 52 F.3d 821, 824 (9th Cir.1995).

All of plaintiff's claims have been dismissed for various reasons. Although the court harbors some doubt as to the "probable validity" of plaintiff's claims, she has been given leave to amend most of them. Defendants' motion to expunge is therefore denied without prejudice.

**ORDER**

Based on the foregoing, defendants' motion to dismiss is granted and its request for an order expunging lis pendens is denied without prejudice. Plaintiff is given leave to amend all claims, except the RICO claim and the claim for alleged violation of Cal. Civ. Code § 2923.5. If plaintiff chooses to amend her complaint, her amended pleading shall be filed within 14 days from the date of this order.[1]

**SO ORDERED**.

Dated:  September 30, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent plaintiff intends to assert new or different claims for relief or add new parties, she must make an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order may result in sanctions.

5:13-cv-00482-HRL Notice has been electronically mailed to:

Laura R. Jacobsen     lrj@severson.com, co@severson.com, jc@severson.com

Mary Kate Sullivan     mks@severson.com, jc@severson.com, vhn@severson.com

Megan Dailey     yesklaw@gmail.com

Megan Ann Dailey     saveyourhouse70@gmail.com

Michael James Yesk     yesklaw@gmail.com, saveyourhouse70@gmail.com